United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Stephen A. Gale-Ebanks, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 20-22685-Civ-Scola |
| | ) |
| Chesapeake Crewing, LLC, | ) |
| Defendant. | ) |

### Order Remanding Case to State Court

Defendant Chesapeake Crewing, LLC, removed this case from state court, contending Plaintiff Stephen A. Gale-Ebanks's claims "are governed by the Suits in Admiralty Act, 46 U.S.C. § 30901." (Def.'s Not. ¶ 2, ECF No. 1, 2.) At the same time, Chesapeake Crewing filed a motion to dismiss, in which it maintains "[t]his court lacks subject matter jurisdiction over [Gale-Ebanks's] claims because the exclusive remedy under the Suits in Admiralty Act is an action against the United States" (Def.'s Mot., ECF No. 8, 2) and the suit is time barred (*id.* at 18).

"The Suits in Admiralty Act does not itself provide any substantive rights: instead, it 'merely provides a jurisdictional hook upon which to hang a traditional admiralty claim' against the United States." *Martin v. Miller*, 65 F.3d 434, 438 (5th Cir. 1995) (quoting *Trautman v. Buck Steber, Inc.,* 693 F.2d 440, 444 (5th Cir.1982)). There is no dispute, here, that this action is not a suit against the United States. And neither party suggests the United States should be substituted as the proper party. Further, Chesapeake Crewing maintains Gale-Ebanks's claim cannot be maintained under the Suits in Admiralty Act, in any event, because the statute of limitations has expired. As Chesapeake Crewing itself points out, "[t]his is a jurisdictional limitation." (Def.'s Mot. at 18 (quoting *Szyka v. U.S. Sec'y of Def.*, 525 F.2d 62, 65 (2d Cir. 1975)).) The Suits in Admiralty Act, therefore, cannot, by its plain terms, provide a basis for federal jurisdiction here. As the party asserting subject-matter jurisdiction, Chesapeake Crewing bears the burden of establishing jurisdiction: it has not carried this burden because it claims the Court lacks jurisdiction over this case under the terms of the very statute that it claims confers jurisdiction.

Chesapeake Crewing's protestations, in its response to the Court's order to show cause regarding jurisdiction, are unavailing. Although it is true, as Chesapeake Crewing explains, that "a Jones Act claim cannot defeat an otherwise proper removal based on federal question subject matter jurisdiction," (Def.'s Resp., ECF No. 9, 4), here, as set forth above, Chesapeake Crewing has failed to carry its burden of establishing an actual federal question. The Court

also does not find, as Chesapeake Crewing maintains, Gale-Ebanks artfully pleaded around the application of the Suits in Admiralty Act. Here, Chesapeake Crewing "attempts to justify removal on the basis of facts not alleged in the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 397 (1987). In other words, Chesapeake Crewing supplies facts, appearing nowhere in the complaint, which it contends show it was acting as an agent of the United States when Gale-Ebanks sustained his injuries.[1] But "the 'artful pleading' doctrine cannot be invoked in such circumstances." *Id*. Chesapeake Crewing cannot manufacture federal jurisdiction by injecting a federal question based on a potential defense to Gale-Ebanks's claim. *Id*. at 399 (1987) ("Congress has long since decided that federal defenses do not provide a basis for removal.")

Finding subject-matter jurisdiction lacking, the Court **remands** this case back to state court. The Clerk is directed to **close** this case and take all necessary steps to ensure the prompt remand of this matter and the transfer of this file back to Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County. The Court **denies all pending motions as moot**, as not properly before this Court.

**Done and ordered** at Miami, Florida, on July 14, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

---

[1] This is in stark contrast to the case presented in *Van Hook v. Raytheon Tech. Services Co., LLC*, 604CV1490ORL22JGG, 2005 WL 8159921, at *2 (M.D. Fla. Feb. 11, 2005), upon which Chesapeake Crewing relies. In that case, the complaint itself contained facts indicating the defendant there was an agent of the United States. Further, in *Van Hook*, there is no indication the defendant there simultaneously argued the court lacked federal-question subject-matter jurisdiction while at the same time seeking to remove the case from state court on the basis of federal-question subject-matter jurisdiction.